HOOD, Judge.
Paul Harry Guilbeau instituted this suit for judgment granting him a servitude of passage from his enclosed estate to a public road. The defendants are Mrs. Leola Martin Roy, C. Lawrence Eaglin and the heirs of Francis Briscoe, all of whom own property lying adjacent to plaintiff’s land. The trial court rendered judgment granting plaintiff the servitude which he sought, fixing the value of that servitude at $1516.-50, and condemning plaintiff to pay that amount to defendant, Mrs. Roy. Appeals were taken by plaintiff Guilbeau, and by defendants Eaglin and the Briscoe heirs.
After the appeal was perfected, plaintiff filed a motion to remand the case to the trial court for the taking of additional evidence. The motion to remand was re *642 ferred to the merits, and that motion also is before us now.
All parties concede that plaintiff is entitled to the right of passage which was awarded to him, and all of them are satisfied with the decision of the trial court as to the location and the value of the servitude. Appellants contend, however, that the servitude granted by the trial judge is located on property owned by Eaglin and the Briscoe heirs, rather than on property owned by Mrs. Roy, and that the judgment appealed from thus should be amended to award the value of that servitude to Eaglin and the Briscoe heirs instead of to Mrs. Roy.
The principal issue presented, therefore, is whether the trial judge erred in awarding the value of the servitude to Mrs. Roy instead of to the other defendants.
The tract of land owned by Guilbeau contains 36.215 acres and it is located in St. Landry Parish. This tract is bounded on the north and east by property owned by Mrs. Roy, and on the west and south by property owned by Eaglin and the Bris-coe heirs. Plaintiff’s property thus is entirely enclosed by lands owned by others, and it is without access to a public road.
The public road nearest the Guilbeau property is Louisiana Highway 182, which runs generally north and south. The west boundary line of plaintiff’s property, at one point at least, is about 600 or 700 feet east of that highway. The Eaglin-Briscoe property is located immediately west of and adjacent to plaintiff’s land, between the Guilbeau tract and Highway 182, and the Eaglin-Briscoe property is bounded on the north by Mrs. Roy’s land. Mrs. Roy’s property is located east of, and it fronts on, Louisiana Highway 182. It lies immediately north of and adjacent to the Guilbeau tract, and north of and adjoining the Eaglin-Briscoe property.
A private road, about 60 feet in width, runs eastward from its junction with Highway 182, along the boundary line between the Roy property and the Eaglin-Briscoe tract, a distance of about 700 feet to a point where it reaches the Guilbeau tract. The private road then continues east from that point, along the boundary line between the Roy and the Guilbeau tracts, for an additional distance of at least 1700 feet.
Mrs. Roy has developed her property, located immediately north of the Eaglin-Briscoe tract, into a subdivision. Claiming that she owns all of the above described private road, she proceeded to close that road in 1970, so that she could include the land affected by it as a part of her subdivision lots. This suit followed the closing of that private road.
The trial court awarded Guilbeau a servitude of passage, 30 feet wide and 730 feet long, running generally east and west and extending from Louisiana Highway 182 to the northwest corner of the Guilbeau tract. The judgment decrees that the servitude of passage is to apply to and cover the “southern most thirty feet” of the above described private road. Our interpretation of the judgment, consistent we think with that of all parties to this suit, is that the servitude granted to plaintiff is to be 30 feet wide and 730 feet long, that it is to extend from Louisiana Highway 182 eastward a distance of 730 feet to or onto the Guilbeau property, and that it is to be bounded on the north by the center line of the existing private road which runs along or near the boundary line between the Roy and the Eaglin-Briscoe tracts.
The trial judge found that the above described private road was owned in its entirety by Mrs. Roy. He concluded that the value of the servitude taken was $1516.-50, and he rendered judgment condemning Guilbeau to pay. that amount to Mrs. Roy.
Eaglin and the Briscoe heirs contend that the boundary line between their property and the Roy tract runs along the center line of the 60 foot wide private road. They argue that since the entire servitude has been taken from the Eaglin-Briscoe land, the award of $1516.50 should have been *643 made to Eaglin and the Briscoe heirs rather than to Mrs. Roy. Mrs. Roy, as we have already noted, claims that the south boundary line of her property extends to the south line of the private road, and that the servitude thus was taken from her property.
Shortly before this suit was filed a survey of the Guilbeau and the Eaglin-Briscoe tracts of land was made by Marcus Leon Nicholson, a qualified surveyor, who was employed by Morgan Goudeau and Associates, a firm of civil engineers. From the measurements taken by that surveyor, and from information obtained from other sources, a plat of the property located in that area was made jointly by Morgan J. Goudeau, Jr., and William Jarrell, both of whom are licensed civil engineers and are associates in the above mentioned engineering firm. The plat which they prepared purports to show the boundary lines between the Roy property on the north, and the Guilbeau and the Eaglin-Briscoe tracts on the south. The surveyor and both of these civil engineers testified as expert witnesses at the trial, and the plat which they prepared was introduced in evidence.
All three of these experts concluded that the boundary line between the Roy tract on the north, and the Guilbeau and Eaglin-Briscoe tracts on the south, ran along the center of the above described private road. Jarrell testified, “My opinion is that the line runs down the center of the road, approximately the center of the road.” Goudeau stated, “My personal opinion is that it is half and half, for the simple reason that Mr. Hollier’s survey showed the line right in the center of that road.” And, Nicholson testified that the boundary line was “approximately the center of the road.”
The Hollier survey which was referred to by Mr. Goudeau was one made of this area in 1935 by a surveyor bearing that name. The Hollier plat was not filed in evidence, but the testimony shows that it was available to all of these experts, and Nicholson stated that he retraced and verified the measurements shown on that old plat as he completed his own survey.
In addition to the plat which was prepared by Goudeau and Jarrell, the record also contains a copy of the deed by which plaintiff Guilbeau acquired his property, and a copy of the deed by which Mrs. Roy’s husband acquired the adjacent property which she now owns. Attached to the last mentioned deed is a plat of the property which was conveyed by that instrument. The private road at issue here is specifically referred to in each of the above mentioned deeds, but neither of said documents show the exact location of that road, nor do they indicate who owns the south 30 feet of it.
Plaintiff has attached two documents to his “Motion to Remand.” One is a copy of a judgment rendered on April 19, 1961, by the Honorable Joseph A. LaHaye, another judge of the district court from which this appeal was taken, in a petitory action which was instituted by Mrs. Roy against Guilbeau. The other attached document was a plat of this area prepared by Mr. Jarrell, one of the civil engineers who testified in the instant suit, which plat allegedly was filed in evidence in the above mentioned petitory action. Plaintiff alleges that there is an inconsistency between the judgment rendered by Judge LaHaye and that rendered in the instant suit, and on that ground he prays that the case be remanded.
We have considered the documents attached to the motion to remand to determine whether the relief prayed for in that motion should be granted. We find, however, that neither of these documents are of any assistance to us in determining the ownership of the south 30 feet of the existing private road.
The petitory action decided by Judge LaHaye was between Mrs. Roy and Guilbeau, and it did not relate to the boundary between the Roy property and the Eaglin-Briscoe tract. Also, the trial judge made no determination of the ownership of the south half of any part of the private road. He held merely that Mrs. Roy “has not established ownership to the south half of the presently existing road,” and that “This judgment is not to be construed as *644 fixing the south boundary line of the property of the Estate of C. Willis Roy at the center line of said public road, as the evidence in the record does not establish, in the Court’s opinion, the southern boundary of the C. Willis Roy property.”
The plat which was attached to the motion to remand was prepared by Jarrell after the instant suit was tried, but it does not show the location of the existing private road, and it would be of no assistance in resolving the issue presented here even if the case should be remanded to permit it to be filed in evidence.
The documentary evidence which is in the record, and that which is attached to the motion to remand, therefore, throws no light at all on the question presented here, and that is simply who should receive payment for the value of the servitude which was granted to plaintiff. The only evidence in the record which tends to answer that question is the testimony of the above mentioned experts, consisting of a surveyor and two civil engineers.
We have concluded that the evidence presented in the trial of this case preponderates to the effect that the boundary line between the Roy property and the Eaglin-Briscoe tract runs along the center line of the existing private road, and that Mrs. Roy does not own the property affected by the servitude which was granted by the trial court. We conclude, therefore, that the value of the servitude should have been paid to Eaglin and to the Briscoe heirs, and that the trial judge erred in condemning Guilbeau to pay that amount to Mrs. Roy.
We hasten to add here that this is not a petitory or a possessory action, and it is ' not a suit to establish a boundary. The evidence presented here falls far short of the proof which would be required for relief in any of those actions. And, we make it clear that the judgment which is being rendered in this suit is not to be construed as determining the ownership of any of the tracts of land involved, or as establishing the boundary line between any of those tracts. This judgment thus will not preclude any of the above mentioned real actions.
Since we have affirmed the trial court’s judgment granting the servitude, and determining its location and value, it is necessary that a decision be made as to whom the amount due should be paid. We, of course, could direct that the value of the servitude be paid into the registry of the court, reserving to each party the right to institute a real action or a concursus proceeding to establish his right to claim the amount deposited, or we could remand the case for additional evidence, as suggested by plaintiff in his motion to remand. We have concluded, however, that this case should be decided by a preponderance of the evidence, rather than requiring additional litigation, especially since it involves basically the rendering of a money judgment and we are not making any determination as to ownership or boundaries. We think it is more probable than not that the value of the servitude should be paid to Eaglin and to the Briscoe heirs, rather than to Mrs. Roy.
As we have already observed, no useful purpose would be served by remanding the case to the trial court, and plaintiff’s motion to remand thus is denied.
For the reasons assigned, we affirm that part of the judgment appealed from which grants to plaintiff, Paul Harry Guilbeau, a servitude of passage, 30 feet wide and 730 feet long, extending from Louisiana Highway 182 to the Guilbeau tract, being the south 30 feet of the existing private road which runs along or near the boundary line between the Roy property and the Eaglin-Briscoe tract. We reverse that part of the judgment appealed from which condemns plaintiff to pay the value of the servitude to Mrs. C. Willis Roy (Mrs. Leola Martin Roy), and we hereby order and decree that plaintiff, Paul Harry Guilbeau, pay to defendants, C. Lawrence Eaglin, Florence Briscoe Lacour, Lillian Briscoe Broussard, John Briscoe, Frank Briscoe, Leon A. Briscoe, and Charles Briscoe, the sum of *645 $1516.50 as damages for the servitude granted herein.
The costs incurred in the trial court are assessed to plaintiff-appellant, Paul Harry Guilbeau. The costs of this appeal are assessed to defendant-appellee, Mrs. Leola Martin Roy.
Affirmed in part, reversed in part and rendered.